IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION



FILED BY _____ P _____ D.C.

05 AUG 12 PM 3:30

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, JACKSON

JOHNNY LEE BURROSS,

    Plaintiff,

VS.                                                                 No. 05-2400-T/V

MADISON COUNTY, ET AL.,

    Defendants.

---

ORDER ASSESSING $250 FILING FEE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

---

Plaintiff Johnny Lee Burross, Tennessee Department of Correction ("TDOC") prisoner number 214034, who is currently an inmate at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on May 26, 2005, along with an inmate trust fund account statement. District Judge Jon Phipps McCalla issued an order on July 15, 2005 transferring the case to this district.[1] The Clerk shall record the defendants as Madison County; Bridgette Tubbs Jones, a public defender; the District Attorney's Office for the 26th District; Circuit Court Judge Don Allen; and Jackson City Court Judge Blake Anderson.

---

[1] That order was returned by the post office on August 1, 2005 because the mailing envelope did not include the plaintiff's TDOC number. According to the TDOC website, it appears that the plaintiff has been transferred to a different prison, although he has not informed the Clerk of his change of address. The Clerk is directed to amend the docket to reflect that plaintiff is currently housed at the NWCX and to make certain the plaintiff's TDOC number is included in his mailing address. The Clerk is further directed to mail plaintiff another copy of the July 15, 2005 order. There is no reason to delay the screening of this action because of the plaintiff's non-receipt of the transfer order.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on  8/15/05

I.  Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), all prisoners bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a).[2] The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has properly completed and submitted an *in forma pauperis* affidavit and a certified copy of his trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $250.00

---

[2] Effective March 7, 2005, the civil filing fee increased from $150 to $250.

2

filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

> Clerk, United States District Court, Western District of Tennessee, 262 U.S. Courthouse, 111 S. Highland Ave., Jackson, TN 38301

and shall clearly identify plaintiff's name and the case number on the first page of this order.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order. If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the warden of the NWCX to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees. However, the Clerk shall not issue process or serve any other papers in this case.

II.     Analysis of Plaintiff's Claims

The allegations of this complaint are difficult to decipher. The complaint alleges that the plaintiff was sentenced to two years on a charge of driving under the influence ("DUI") in the fall of 2003. The plaintiff alleges that the sentence he received was enhanced on the basis of his prior

3

DUI convictions, contrary to Tennessee law that permits the enhancement only if the next most recent DUI conviction occurred on or after July 1, 1998. The plaintiff contends that his attorney, who presumably was defendant Jones, failed to recognize that the enhancement was inappropriate. The judge was allegedly told of the mistake in open court during a probation violation hearing in April of 2005, but he and the prosecutor ignored the mistake and sent the plaintiff back to prison. The complaint further alleges that defendant Allen ordered the plaintiff's release in May of 2004. It is not clear whether plaintiff contends that defendant Allen's order was ignored, or whether he was released on the order of defendant Allen and then sent back to prison in 2005 after violating his probation. Plaintiff further alleges that, when he was originally charged with the DUI, defendant Anderson imposed excessive bail of $200,000 even though the plaintiff had no accidents on his record. The plaintiff seeks monetary compensation.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). Even claims that have not been exhausted may be dismissed on the merits. 42 U.S.C. § 1997e(c)(2).[3] Plaintiff's complaint is subject to dismissal in its entirety.

As a preliminary matter, the complaint fails to state a claim against Madison County. The plaintiff assumes, erroneously, that the Madison County Circuit Court is a part of Madison County. The entity known as the Madison County Circuit Court is, in fact, the Circuit Court for the Twenty-

---

[3] In this case, 42 U.S.C. § 1997e(a) is inapplicable because the case does not concern prison conditions.

4

Sixth Judicial District, and it operates pursuant to state law. See Tenn. Code Ann. § 16-1-101 ("The judicial power of the state is vested in judges of the courts of general sessions, recorders of certain towns and cities, circuit courts, criminal courts, common law and chancery courts, chancery courts, court of appeals, and the supreme court, and other courts created by law."). Accordingly, the Court DISMISSES the complaint with respect to Madison County pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

Second, the plaintiff's claims against both judges in their individual capacities are barred by the doctrine of absolute judicial immunity, under which judges are immune from monetary liability for decisions made within the scope of their official functions. See Mireles v. Waco, 502 U.S. 9, 12 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 359-60 (1978); Pierson v. Ray, 386 U.S. 547, 553-54 (1967); DePiero v. City of Macedonia, 180 F.3d 770, 783-84 (6th Cir. 1999); Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997); King v. Love, 766 F.2d 962, 965 (6th Cir. 1985). This immunity extends to claims against a judge arising under Tennessee law. Cashion v. State, No. 01A01-9903-BC-00174, 1999 WL 722634, at *3-*5 (Tenn. Ct. App. Sept. 17, 1999); Heath v. Cornelius, 511 S.W.2d 683 (Tenn. 1974).

Third, plaintiff has no claim against the District Attorney's Office. This action seeks damages purely for court-related activities, for which the prosecutors also are protected by absolute immunity. See Imbler v. Pachtman, 424 U.S. 409, 427-28 (1976); Burns v. Reed, 500 U.S. 478, 490-492 (1991); Grant v. Hollenbach, 870 F.2d 1135, 1137 (6th Cir. 1989); Jones v. Shankland, 800 F.2d 77, 80 (6th Cir. 1986).

Fourth, plaintiff's claims against Judge Allen in his official capacity and against the District Attorney's Office as an entity are, in effect, a claim against the State of Tennessee. Hafer v. Melo, 502 U.S. 21, 25 (1991); Kentucky v. Graham, 473 U.S. 159, 164-65 (1985); Pennhurst State Sch.

5

& Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984). Absent a clear abrogation of immunity by congressional action or an express state waiver of that immunity, the Eleventh Amendment prohibits suits for damages against a state in federal court. Graham, 473 U.S. at 165-66; Pennhurst, 465 U.S. at 98-100; Quern v. Jordan, 440 U.S. 332 (1979). Tennessee has not waived its sovereign immunity. Tenn. Stat. Ann. § 20-13-102(a). Accordingly, these claims are barred by the Eleventh Amendment.[4]

For all the foregoing reasons, the Court DISMISSES the complaint with respect to the District Attorney's Office, Judge Allen, and Judge Anderson pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2).

Finally, the plaintiff also cannot sue the defendant Jones under 42 U.S.C. § 1983, which encompasses violations of the federal Constitution or federal law by individuals acting under color of state law. "A § 1983 plaintiff may not sue purely private parties." Brotherton v. Cleveland, 173 F.3d 552, 567 (6th Cir. 1999). Thus, "[i]n order to be subject to suit under § 1983 claim, defendant's actions must be fairly attributable to the state." Collyer v. Darling, 98 F.3d 211, 231-32 (6th Cir. 1997). The law is clear that public defenders do not act under color of state law for purposes of § 1983. Polk County v. Dodson, 454 U.S. 312 (1981); see also McCord v. Bailey, 636 F.2d 606, 613 (D.C. Cir. 1979) (applying Polk County to retained criminal lawyers). Accordingly, the Court DISMISSES the complaint with respect to defendant Jones pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

III.   Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision *in forma pauperis*. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in*

---

[4] Moreover, plaintiff's claim pursuant to 42 U.S.C. § 1983 against the State of Tennessee is also subject to dismissal on the ground that a state is not a person within the meaning of 42 U.S.C. § 1983. Lapides v. Board of Regents of the Univ. Sys. of Ga., 535 U.S. 613, 617 (2002); Will v. Michigan, 491 U.S. 58, 71 (1989).

*forma pauperis* if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal *in forma pauperis*. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[5] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(a)-(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by this plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim.

IT IS SO ORDERED this 12th day of August, 2005.

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[5] Effective November 1, 2003, the fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 5 in case 2:05-CV-02400 was distributed by fax, mail, or direct printing on August 15, 2005 to the parties listed.

Johnny L. Burross
Northwest Correctional Complex(NWCX)
214034
Route 1, P.O. Box 660
Tiptonville, TN 38079

Honorable James Todd
US DISTRICT COURT